**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

CAROLYN SEGURA,

        Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, L.L.C., a Delaware limited liability company,

        Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.    This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3.    Venue is proper in this Judicial District.

4.    The acts and transactions alleged herein occurred in this Judicial District.

5.    The Plaintiff resides in this Judicial District.

6.    The Defendant transacts business in this Judicial District.

**<u>PARTIES</u>**

7.    Plaintiff, Carolyn Segura, is a natural person.

8.    The Plaintiff resides in the City of Denver, County of Denver, State of Colorado.

9.    The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.   Defendant, Portfolio Recovery Associates, L.L.C., is a Delaware limited liability company operating from an address at 120 Corporate Boulevard, Norfolk, Virginia, 23502.

11.   The Defendant's registered agent in the state of Colorado is National Registered Agents, Inc., 1535 Grant Street, Suite 140, Denver, Colorado, 80203.

12.   The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13.   The Defendant is licensed as a collection agency by the state of Colorado.

14.   The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15.   The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16.   Sometime before 2008 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17.   The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18.   The Account went into default with the original creditor.

19.   After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

20.   The Plaintiff disputes the Account.

21.   The Plaintiff requests that the Defendant cease all further communication on the Account.

22.    In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff, made telephone call(s) to the Plaintiff's relatives and left voicemail message(s) for the Plaintiff.

23.    In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s) and voicemail message(s).

24.    The Defendant's purpose for these telephone call(s) and voicemail message(s) was to attempt to collect the Account.

25.    The telephone call(s) and voicemail message(s) conveyed information regarding the Account directly or indirectly to the Plaintiff.

26.    The telephone call(s) and voicemail message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27.    The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28.    The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29.    The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

30.     The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

31.     The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant called the Plaintiff's relatives and discussed the Account with the Plaintiff's relatives was to attempt to collect the Account.

32.     During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Defendant would take her to Court.

33.     The representation stated in paragraph 32 was false and was a false representation in connection with the collection of a debt, the Account.

34.     During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she could not dispute the Account.

35.     The representation stated in paragraph 34 was false and was a false representation in connection with the collection of a debt, the Account.

36.     In the year prior to the filing of the instant action the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account called the Plaintiff's relatives and discussed the Account with the Plaintiff's relatives after the Plaintiff told the Defendant to stop calling her relatives house on her Account and to stop discussing the Account with her relatives.

37.     The Defendant kept written documentation and / or computer record(s) that document telephone call(s) to the Plaintiff and the Plaintiff's relatives on the Account and telephone call(s) from the Plaintiff to the Defendant on the Account in the year prior to the filing of the instant action.

38.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute illegal communication in connection with debt collection and therefore violate FDCPA 1692c(b).

39.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute harassment or abuse and therefore violate FDCPA 1692d preface.

40.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5) and e(10).

41.     The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

42.     The Defendant's statement(s) and action(s) as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

43.     As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

**RESPONDEAT SUPERIOR**

44.    The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

45.    The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

46.    The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

47.    The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

48.    The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

49.    The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

50.    The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

51.    As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

52.    The previous paragraphs are incorporated into this Count as if set forth in full.

53.    The acts and omissions of the Defendant and its representative(s), employee(s) and / or agent(s) constitute violations of the  FDCPA, including but not limited to § 1692c(b), § 1692d preface, § 1692e preface, e(2)(A), e(4), e(5), e(10) and § 1692f preface.

54.     Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages,

statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1.     A finding that the Defendant violated the FDCPA and/or an admission from the

Defendant that it violated the FDCPA.

2.     Actual damages under 15 U.S.C. § 1692k(a)(1).

3.     Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

4.     Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

5.     Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_ s/ David M. Larson_____
David M. Larson, Esq.
405 S. Cascade Avenue, Suite 305
Colorado Springs, CO 80903
(719) 473-0006
Attorney for the Plaintiff